THE STATE, for use, etc., v. CINCINNATI, NEW OR-LEANS & TEXAS PACIFIC RAILWAY COMPANY.

TAXES, HIGHWAY. *Railroads.* Railroads are liable for highway taxes assessed upon the value of the roads as returned by the commissioners; whether the proper distribution of the taxes among the road districts is made by the clerk of the county court is a matter for the districts and not for the railroad tax-payer on a contest of payment.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton County.   D. C. TREWHITT, J.

CLIFT & BATES for the State.

DEWITT & SHEPHERD for Railroad Company.

FREEMAN, J., delivered the opinion of the court.

This is an agreed case, presenting the question

"whether or not the assessment of a highway tax for the year 1882, by the county of Hamilton is valid," under the facts stated in the record.

After the passage of the act of 1882, chapter 16, the property of defendant was regularly assessed by the Railroad Commissioners and the value for taxable purposes situated in Hamilton county certified to the county court clerk as the act required.

The county court of Hamilton county had previously, under the provisions of the road law of 1881, laid a tax of ten cents on the hundred dollars on property for highway purposes. The assessment made by the Commissioners showed this road to be liable for taxes on $595,556 of distributable property outside of the corporation of Chattanooga, on which a tax was extended on the books of the county for highway purposes of $595.50, being at the rate of ten cents on the hundred dollars, as levied by the county court.

This sum is the proper amount if the company is liable to a highway tax at all under the present laws of the State. It is conceded, however, that no such tax can be laid, because it is assumed that the tax under the act of 1881 (the Road Law), is to be laid on the property of each road district provided for in that act for road purposes in that district, and that there is no provision in the act of 1882 for thus subdividing the taxes laid on railroads.

It appears that after entering the proper amount of tax as fixed by the county court, the judge of the county court apportioned the sum so levied between six districts through which the road ran, as we take it,

giving to each the sum of $99.25, and this sum has been placed in the hands of the constables in the respective districts for collection.

By the fifth section of act of 1881, it is provided: "That the tax for highways shall be not less than two nor more than fifteen cents on each hundred dollars of taxable property, as shown by the county assessment, all taxes assessed under this act and collected as hereinafter provided, shall be *used* for maintaining the highways and bridges in the road districts in which the assessment is made."

By the third section of the act the county court of each county is required at January term of the quarterly court to "assess the tax for highway purposes."

By section —— "the clerk of the county court is required within thirty days after the assessment of the highway tax for 1881, and by the first of March thereafter to prepare for each district a complete assessment of the highway tax for his district for that year, specifying the amount each tax-payer may pay in work, and the amount to be collected in money, and shall take district clerk's receipt for the same when delivered."

From these provisions it is seen that after the amount of the tax is laid by the county court and property assessed, and that assessment returned to the county court clerk's office then for purposes of collection, the amount thus assessed on property in each road district is to be turned over to the district clerk, provided for by the act for collection.

It is shown in the agreed case that the defendant's road is only 1 mile long in the fifth district; the one

The State, for use, etc., v. Railroad Company.

now in controversy is $5\frac{1}{4}$ miles in the second district; in the first district $5\frac{3}{4}$; in the twelfth 7; $\frac{1}{6}$ in the eleventh, and 5 in the sixth.

It is earnestly argued, that because of this inequality of the apportionment of the amount levied as between the districts, the same cannot be collected.

We take this is a matter with which the railway tax-payer has nothing to do when the matter of payment is in contest. The true amount is assessed by the Commissioners and levied by the county court; no more than this sum can be collected. But whether it is properly apportioned among the districts is a matter of county administration of its funds, and if improperly administered the districts or tax-payers may, probably, apply to the county court to have the distribution corrected, and the court might be bound to expend it. But in the district the matter of collection, so far as the railroad is concerned is directory, or at any rate a matter that does it no injury whatever, as it is only assessed on the amount certified by the State Commissioners. When this is done it is of no interest to the company whether it is collected for the benefit of one district or another.

The collection by the district officer is only for convenience of appropriation to the roads of that district. The matter that concerns the railroad is, that no more property shall be assessed than has been fixed by the State Commissioners, and the rate shall be equal and uniform with other property for like purposes. In other words there shall be no unjust discrimination between the railroad and other tax-payers.

It certainly cannot be maintained that this tax is not levied for a county purpose, and the road liable for it. The true amount and no more having been levied, the road can in no way be injured, whether this sum be apportioned accurately between the districts. It cannot be allowed to pay no tax because of such unequal distribution. Its property of any kind assessed under the act of 1882 is as much within the county for purposes of a highway tax as for any other purpose of taxation.

The judgment will be reversed and judgment here in accord with this opinion with costs.